IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


JEREMY KELLEY; CRYSTAL
KELLEY,

          Plaintiffs,

      v.

TOUFIC GERGES; LUXICAREALTY, LLC;
SIDDHI PANDIT; TULSI LEAF, LLC;
ABHA, LLC; AMBIKA LLC; ANUJA LLC;
BAROTHI, LLC; KOVID TRIVEDI,

          Defendants.

Civ. No. 6:26-cv-00474-AA

**OPINION & ORDER**


AIKEN, District Judge.

This case comes before the Court on a Motion for Preliminary Injunction, which seeks a Temporary Restraining Order, ECF No. 4.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in

the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed the filings in this case and concludes that Plaintiffs have not carried their burden and have failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO. To the extent that the Motion for Preliminary Injunction, ECF No. 4, seeks a TRO, the motion is DENIED. This denial is without prejudice to Plaintiffs' request for a preliminary injunction, which will be decided after Defendants have been served and have had an opportunity to respond to the motion.

It is so ORDERED and DATED this 16th day of March, 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge

Page 2 –OPINION & ORDER