IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| JEREMY KELLEY; CRYSTAL KELLEY, | Civ. No. 6:26-cv-00474-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| TOUFIC GERGES; LUXICAREALTY LLC; SIDDHI PANDIT; TULSI LEAF LLC; ABHA LLC; AMBIKA LLC; ANUJA LLC; BAROTHI LLC; KOVID TRIVEDI, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Strike feud by Defendants Toufic Gerges and Luxicarealty LLC. ECF No. 39. Plaintiffs have not responded to the motion and the time for doing so has passed. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

Gerges and Luxicarealty move to strike "Plaintiffs' Notice of Defendant Gerges' Inconsistent Statements Between Oregon Real Estate Regulatory Response and Federal Court Answer." ECF No. 32. This document seeks to highlight what Plaintiffs view as inconsistencies between the Answer and prior statements made by Gerges. It asks that the Court "take note of these inconsistencies in evaluating

Defendant Gerges' pending motions and any future requests for relief" because the "pattern of contradictory statements demonstrates that Defendant cannot be trusted to provide consistent factual representations to tribunals, and that his defenses are not credible."

Federal Rule of Civil Procedure 12(f) governs motions to strike pleadings, but the Notice does not appear to be intended to serve as a pleading. A court possesses the power to strike improper filings under its inherent power "over the administration of its business" and "to promulgate and enforce rules for the management of litigation." *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995). "Like Rule 12(f), striking material pursuant to the Court's inherent power is wholly discretionary." *Goodwin v. AT&T*, Case No. 2:23-cv-01950-GMN-DJA, 2024 WL 2866895, at *2 (D. Nev. June 6, 2024). "In deciding whether to exercise that discretion, courts consider whether striking the filing would further the overall resolution of the action and whether filer has a history of excessive and repetitive filing that has complicated proceedings." *Id.* (internal quotation marks and citation omitted).

Here, Defendants are correct that the Notice is both procedurally and substantively improper. It is not a pleading, nor is it a motion, nor is it a declaration or exhibit offered in support of a motion.

It also seeks to have the Court make a credibility finding, which is not the function of the Court, particularly when there has been a jury demand. It appears to ask the Court to impose some sort of continuing penalty or sanction on Gerges based

on Plaintiffs' contention that his Answer contains falsehoods.  Obviously, the Court will do none of those things.

The Court is cognizant of the fact that Plaintiffs are self-represented and, although adherence to the Federal Rules of Civil Procedure and the Local Rules of the District of Oregon is still expected of them, the Court extends a certain degree of latitude to self-represented litigants in the prosecution of their cases.  Here, Plaintiffs' errors are relatively harmless.  The Notice is improper, but it is also ineffective and of no legal significance.  It is not a motion and so no ruling will flow from the Notice. It is not evidence and so it will not be shown to any trier of fact.  Striking the Notice will not further the resolution of the case.  The Notice may be irksome to Defendants but is also of no consequence.  In addition, Plaintiffs have not, at this point, significantly abused their ability to file documents on the Court's docket.

The Court will caution Plaintiffs, however, that it will strike any such inappropriate filings in the future.  Plaintiffs are directed to refrain from cluttering the docket with such documents.  Plaintiffs are warned that failure to comply with this directive, or any other Court order, may result in sanctions up to and including dismissal of this action.  Plaintiffs are also encouraged to review the Handbook for Self-Represented Parties, which is available on the public website for the U.S. District Court for the District of Oregon.

## CONCLUSION

For the reasons set forth above, the Motion to Strike, ECF No. 39, is DENIED.

It is so ORDERED and DATED this  4th  day of June 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge