IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


JEREMY KELLEY; CRYSTAL
KELLEY,

        Plaintiffs,

        v.

TOUFIC GERGES; LUXICAREALTY, LLC;
SIDDHI PANDIT; TULSI LEAF, LLC;
ABHA, LLC; AMBIKA LLC; ANUJA LLC;
BAROTHI, LLC; KOVID TRIVEDI,

        Defendants.

TOUFIC GERGES; LUXICAREALTY LLC,

        Cross-Claimants

        v.

SIDDHI PANDIT,

        Cross-Defendant

Civ. No. 6:26-cv-00474-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion to Dismiss filed by Defendants Tulsi Leaf LLC, Abha LLC, Ambika LLC, Anuja LLC, and Barothi LLC. ECF No. 46.

    Plaintiffs, who are self-represented, were provided with a Motion to Dismiss Advice Notice informing them that their response brief was due on July 6, 2026. ECF No. 47. On July 6, 2026, staff from the Clerk of Court's office notified the Court that

Plaintiffs had called to say that they had experienced a personal tragedy on the way to file a motion for extension of time to respond to the Motion to Dismiss. Court staff told Plaintiffs that only the Court could grant an extension and that Plaintiffs would need to file a motion asking for additional time. The Court was prepared to entertain any reasonable request for an extension of time, but no motion was ever filed. Plaintiffs have not responded to the Motion to Dismiss and the time for doing so has now passed.

For the reasons set forth below, the Motion is GRANTED and the claims against Defendants Tulsi Leaf LLC, Abha LLC, Ambika LLC, Anuja LLC, and Barothi LLC are DISMISSED.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as

true. *Id.*

## JUDICIAL NOTICE

The moving Defendants request that the Court take judicial notice of the property deed attached as Exhibit A to their motion to dismiss.

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute if it is 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotation marks and citation omitted).

Here, Defendants offer a statutory warranty deed dated August 18, 2022, by which ownership of the property at issue in this case was transferred from Defendants Siddhi Pandit and Kovid Trivedi to Siddhi Pandit as trustee for the Sid Pandit Living Trust, dated August 5, 2022. Def. Mot. Ex. A. Defendants offer this to demonstrate that ownership of the property is held only by Siddhi Pandit as trustee for the trust and that, contrary to the allegations of the Complaint, the moving Defendants have no ownership interest in the property.

The Court notes that the moving Defendants have attached Exhibit A directly to their motion, without attaching it to a declaration by counsel affirming that the document is a public record, or that it is the final recorded transfer of the property.

However, the Court was able to verify the authenticity of the document by searching the public property records for Marion County, Oregon on the County's publicly available website. *See* Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts that "can be readily determined from sources whose accuracy cannot reasonably be questioned,"); (c) (permitting the court to take judicial notice "on its own" and requiring the court to take judicial notice "if a party requests it and the court is supplied with the necessary information."). Marion County's public property records website confirms that the Sid Pandit Living Trust, with Siddhi Pandit as trustee, is the sole owner of the property and that the statutory warranty deed of August 18, 2022, was the last transfer of ownership of the property.

The Court concludes that Exhibit A of Defendants' Motion is a public record and that it is not reasonably subject to dispute and so the Court will take judicial notice of it.

## BACKGROUND

The following facts are derived from the Complaint, ECF No. 1, and the judicially noticed exhibit, as discussed above. The recitation of the facts is abbreviated to include only those facts relevant to the present motion.

Plaintiffs Jeremy Kelley and Crystal Kelley entered into a residential lease for 3774 Tayside Street South in Salem, Oregon ("the Property"). Compl. ¶ 16. As part of this lease, Plaintiffs paid rent directly to Defendant Siddhi Pandit, rather than to Defendants Toufic Gerges or LuxicaRealty LLC, who are alleged to have served as the property managers. *Id.* ¶¶ 6-7, 17.

Defendants Tulsi Leaf LLC, Abha LLC, Ambika LLC, Anuja LLC, and Barothi LLC (collectively, the "Tulsi Defendants") are only briefly discussed in the Complaint. Plaintiffs allege that each is an Oregon LLC managed by Pandit and they share the same registered agent. Compl. ¶¶ 9-14. Tulsi Leaf LLC is alleged to list the Property as its principal place of business. *Id.* ¶ 9. The remaining Tulsi Defendants were all formed on the same date. *Id.* ¶ 14. From these facts, Plaintiffs infer and allege that one or more of the Tulsi Defendants has some ownership interest in the Property. *Id.* ¶¶ 9, 14. However, as discussed in the previous section, the judicially noticeable public records demonstrate that the sole owner of the Property is Defendant Siddhi Pandit as trustee for the Sid Pandit Living Trust. Def. Mot. Ex. A. The Tulsi Defendants do not have an ownership interest in the Property.

Plaintiffs allege that they were subsequently subjected to various bad acts by Defendant Gerges and allege they were ultimately subjected to a wrongful eviction. Compl. ¶¶ 24-42.

## DISCUSSION

Relevant to the Tulsi Defendants, Plaintiffs bring claims for (1) disability discrimination under the Fair Housing Act; (2) retaliation under the Fair Housing Act; (3) violation of the Oregon Fair Housing Act; (4) breach of quiet/constructive eviction; and (5) negligent supervision.

All five claims share a common defect. In the section of the Complaint describing their claims, Plaintiffs allege generally that "Defendants" violated their rights. Compl. ¶¶ 46, 50, 53, 59, 61, 67. However, many of these allegations are only

recitations of the elements of the claims or legal conclusions and are not entitled to be presumed true under federal pleading standards. *Iqbal*, 556 U.S. at 677-78. Others ascribe conduct specifically alleged to have been committed by Defendant Gerges to all "Defendants." There are no specific allegations of any act taken by the Tulsi Defendants. As discussed in the "Legal Standards" section, into order to make out a claim, a plaintiff must allege sufficient facts to make out a claim that is plausible on its face. The Complaint falls short of this standard.

As noted, Plaintiffs claims against the Tulsi Defendants hinge on their having been managed by Defendant Pandit and on Plaintiffs' inference that one or more of the Tulsi Defendants has some unspecified ownership interest in the Property, which is belied by the public property records which show that Siddhi Pandit as trustee for the Sid Pandit Living Trust is the sole owner of the Property. This is not sufficient to state a claim and compels dismissal of the claims against the Tulsi Defendants. If Plaintiffs wish to sustain any claim against the Tulsi Defendants, then they must allege facts tying those Defendants to their claims.

The Tulsi Defendants urge that dismissal of the claims against them be with prejudice. However, the Court is cognizant of Plaintiffs' status as self-represented litigants. The Court will therefore dismiss the claims against the Tulsi Defendants with leave to amend. Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint.

Page 6 –OPINION & ORDER

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF No. 46, is GRANTED and the claims against Defendants Tulsi Leaf LLC, Abha LLC, Ambika LLC, Anuja LLC, and Barothi LLC are DISMISSED with leave to amend.  Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this  29th  day of July 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge